# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

BONNIE KURKOWSKI-ALICEA,

    Plaintiff,

v.

VILLAGE OF BOLINGBROOK, an
ILLINOIS MUNICIPAL CORPORATION,

    Defendant.

No. 10 C 1792
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff filed her one-count amended complaint alleging intentional infliction of emotional distress ("IIED") arising from statements made at a Village of Bolingbrook Board meeting. Defendant now moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendant's motion to dismiss is granted.

## I. STATEMENT OF FACTS

On July 28, 2009 the Village of Bolingbrook Board held a regular meeting. The meeting was presided over by, among others, the Village of Bolingbrook Mayor, Roger C. Claar ("Claar") and Village of Bolingbrook Trustee, Michael T. Lawler ("Lawler"). During the comment portion of the meeting Lawler spoke. He noted the recent passing of a school board member, Debbie Bielawski ("Bielawski") and offered his condolences to her family. He then went on to state that he was disappointed that "some chose to attack her for undeserved reasons . . . So Ms. Kurowksi-Alicea [*sic*] and your team, I am extremely disturbed at your behavior and your treatment of her." Lawler then added that Bielawski died of a stroke and that stress is a factor in the health of those suffering from strokes. Plaintiff alleges that Lawler meant to imply that she was responsible for

the death of Bielawski. Lawler then offered comments concerning his feeling that politics in the modern age has created a system that unfairly allows opponents of a candidate to destroy the candidate through the use of the internet. After Claar ended the meeting, Claar walked down from the stage area, walked over to Plaintiff, and said "Shame on you." Everyone at the meeting witnessed this.

Following the meeting Plaintiff received phone calls about the comments made at the meeting and noticed many blogs on a website named www.topix.com expressing that Plaintiff had killed Bielawski. Plaintiff also found a note on her front door stating, "We heard what you did to Debbie. You better watch your daughter." Another note in her mailbox threatened, "You're going to die." A local newspaper ran a story about the meeting, and a video of the Board Meeting ran on television after the meeting. The Board Meeting Minutes, posed online recapped Lawler's comments directed at Plaintiff. Three weeks after the meeting, Plaintiff alleges that a man attempted to enter her home.

Plaintiff has placed her home on the market and she and her family moved to Florida to "start[] their lives again."

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) requires that I analyze the legal sufficiency of the complaint, and not the factual merits of the case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir.1998). I must take all facts alleged in Plaintiffs' complaint as true and draw all reasonable inferences from those facts in favor of Plaintiffs. *Caldwell v. City of Elwood*, 959 F.2d 670, 671 (7th Cir.1992). Plaintiffs, for their part, must do more than solely recite the elements for a violation; they must plead with sufficient particularity so that their right

to relief is more than a mere conjecture. *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs must plead their facts so that, when accepted as true, they show the plausibility of their claim for relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Plaintiffs must do more than plead facts that are "consistent with Defendants' liability" because that only shows the possibility, not the plausibility, of their entitlement to relief. *Id.* (internal quotations omitted).

### III. DISCUSSION

Defendant asks that I dismiss Plaintiff's complaint on three grounds: (1) public entity immunity pursuant to the Illinois Local Government Tort Immunity Act ("Tort Immunity Act"), 745 ILCS 10/2-107; (2) Illinois common law granting immunity for statements made during the legislative process; and (3) failure to meet the legal standard required to plead a claim for emotional distress. Plaintiff does not dispute that her IIED claim is rooted in libelous or slanderous statements. Because I find that Defendant is immune under the Tort Immunity Act, I do not reach Defendant's alternative arguments.

A. Immunity Pursuant to the Illinois Tort Immunity Act

The Tort Immunity Act, 745 ILCS 10/2-107 provides that:

> A local public entity is not liable for injury caused by any action of its employees that is libelous or slanderous or for the provision of information either orally, in writing, by computer or any other electronic transmission, or in a book or other form of library material.

Defendant argues that this statute bars not only claims for libel and slander, but also any cause of action based upon statements that are libelous or slanderous. *Chodor v. City of Chicago*, 08 C 3463, 2008 WL 5157969 (N.D. Ill. Dec. 9, 2008) ("Furthermore, because Chodor's allegations of intentional infliction of emotional distress are rooted in a claim for slander, from which the City is immune, Count VII must also fail.) Furthermore, Defendant points to 28 U.S.C. § 2680(h)

3

which explicitly precludes a party from suing the United States not only for slander, but also for any claim "arising out of" facts that would support a libel or slander action. Accordingly, Defendant suggests that the Illinois statute likewise should be construed to bar claims arising out of slander, as "otherwise, absolute immunity would be avoided simply be changing the label of a cause of action for alleged hurtful public statements. That would certainly eviscerate the legislature's intent."

Plaintiff argues that the Tort Immunity Act must be strictly construed against Defendant. Because the Tort Immunity Act is "in derogation of the common law" Illinois courts have determined that it must be "strictly construed against the public entity." *Rio v. Edward Hosp.*, 472 N.E.2d 421, 424 (Ill. 1984). "When construing the Tort Immunity Act, the primary goal is to ascertain and give effect to the intention of the legislature." *Ramos v. City of Peru,* 775 N.E.2d 184, 188 (Ill. App. Ct. 2002) (citation omitted). Principally, Plaintiff argues that because the language of the Tort Immunity Act provides that a municipality is not liable for "any action of its employees that is libelous or slanderous," it was not intended to ban all causes of action involving statements that are false or inaccurate. I am unpersuaded by Plaintiff's argument.

In *Chodor*, this court held that IIED claims rooted in slander are barred by the Tort Immunity Act. *Chodor*, 2008 WL 5157969, at *3. Prior to this court's ruling, the Illinois Appellate Court held that the Tort Immunity Act barred false light, defamation, and personal injury claims. *Ramos*, 775 N.E.2d at 188. In *Ramos*, plaintiffs Adan and Mary Ramos filed an action against the City of Peru because a Crime Stopper's advertisement appeared in the LaSalle News Tribune naming Ricardo N. Ramos as a person wanted for the offense of aggravated criminal sexual abuse, but included a picture of defendant Adan Ramos above the name. *Id*. at

4

186. The plaintiffs filed various claims asserting defamation, false light, and personal injury. *Id.* The court dismissed these claims explaining that they were barred by section 10/2-107 of the Tort Immunity Act. The plaintiffs appealed, contending that their claims were not barred because the act of handing over the photograph was discretionary, not ministerial. *Id.* at 188. Upon review, the appellate court found that it was not an error to dismiss the plaintiff's defamation, false light, and personal injury claims because they were barred by "[a] plain reading of section 2-107." *Id.* The appellate court noted that there was no explicit language providing that the government would not be immune from ministerial acts. *Id.* at 188-89.

The *Ramos* case is instructive here. There, claims of defamation, false light and personal injury arose from the publication of a photograph. Here, Plaintiff's claim of IIED arises from remarks made at a Village Board meeting. The statute provides that a public entity is not liable "for injury caused by any action of its employees that is libelous or slanderous" or "for the provision of information [] orally." 745 ILCS 10/2-107. The injury Plaintiff complains of, IIED, was caused by the statements of Village Board members that were libelous, slanderous and orally provided information. Accordingly, Defendant is immune from liability.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted.

ENTER:

James B. Zagel
United States District Judge

DATE: September 15, 2010

5